No. 112

DINE DEWEES CO. v. ALEXANDER et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1194. Decided Nov. 8, 1926

**997. REAL ESTATE**—Where general authority is given to a party to mortgage certain property for his own benefit, this authority is sufficient to bind the giver thereof as against a bona fide purchaser, and especially so in the nature of an estoppel.

First Publication of this Opinion

ALLREAD, J.

The original action in the Franklin Common Pleas was brought by a judgment creditor of A. Jackson Alexander to marshall liens. Urial and Chester Crow were admitted as defendants and filed an answer and cross petition setting up a trust in their favor in one of the tracts of real estate in the City of Akron. The Commercial Savings & Trust Co. set up by answer a mortgage given by Alexander upon that and other real estate to D. W. Alexander and endorsed to the Trust Co.

It seems that Urial Crow and his wife Effie Crow executed a separate deed to the property in dispute to A. Jackson Alexander, at which in favor of Effie Crow, her heirs and assigns, time there was a written declaration of trust stating that certain deeds were executed in favor of Alexander to obtain certain loans, and to reconvey the same to said Effie Crow. The deed involving the real estate in dispute was delivered to Alexander after the death of Effie Crow by her son and heir at law, Chester Crow.

The Crow indebtedness was refinanced by Alexander but the property was not re-conveyed. Title remained in Alexander and the property was afterwards mortgaged by him to secure his own indebtedness to the Trust Co. The Court of Appeals held:

1. At the time the mortgage was given, the Trust Co. released other securities and there was therefore sufficient consideration to sustain the claim of the Trust Co. that it was a bona fide holder of the note and mortgage.

2. Testimony tending to prove that the Trust Co. had actual notice of Crow's claim is too vague and uncertain to justify a holding that the Trust Co. were not holders in good faith.

3. General authority given Alexander by Chester Crow to mortgage the property was sufficient as against a bona fide purchaser to bind Chtester Crow and especially so in the nature of an estoppel.

4. In regard to the claim that the deed was delivered to Alexander for the purpose of preit appears that there were two judgments venting creditors from taking the property, against Chester Crow and the creditors were seeking to enforce them.

5. It is shown that Chester Crow in delivering the deed of his mother to Alexander sought to hinder and delay collection of these claims. It is well settled that where a fraud enters into a transaction, a party to the fraud will not be permitted to carry on a suit, especially in equity, for relief against the transaction itself.

6. Chester Crow is not in a position to enforce the written or parol trust set forth in his answer and cross petition; and the equities are with the Trust Co.

Decree accordingly.

(Ferneding & Kunkle, JJ., concur.)

Attorneys—May & May, Akron, for Urial and Chester Crow; Doolittle, Foust & Holden, Akron, for defendant.